UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES—GENERAL

Case No.  CV 21-7863-MWF (PDx)                                   Date:  January 28, 2022
Title:    *Ignacio Vera v. Eid, Eleksi, Inc., et al.*

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER DISMISSING ACTION WITHOUT PREJUDICE

On October 1, 2021, Plaintiff Ignacio Vera commenced this action against Defendant Eid, Eleksi Inc. (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by December 30, 2021.

On December 14, 2021, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than December 30, 2021, why the action should not be dismissed for lack of prosecution. (Docket No. 13). The Court indicated that "If the Proof of Service requires Defendant's future response … and if Defendant does not timely file such a Response … Plaintiff must file an Application to Clerk to Enter Default **within five calendar days** after that Response … due date. Failure to do so will be deemed abandonment of this action and the Court will immediately dismiss it for lack of prosecution." (*Id.* at 2).

On December 30, 2021, Plaintiff filed a Proof of Service of the Summons and Complaint in response to the OSC (the "POS"). (Docket No. 14). The POS reflects that Defendant's agent for service of process was personally served on December 29, 2021. (*Id.* ¶ 1). Defendant's response to the Complaint or Application for Stay/Early Mediation was due no later than January 19, 2022.

It is well-established that a district court has authority to dismiss a plaintiff's action due to failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that

---

**CIVIL MINUTES—GENERAL**                                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-7863-MWF (PDx) | Date:  January 28, 2022 |
| Title:     *Ignacio Vera v. Eid, Eleksi, Inc., et al.* | |

district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that failure to file an Application to Clerk to Enter Default within five calendar days (in this instance, January 24, 2022) of the response deadline would be deemed abandonment of this action.

Accordingly, this action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.